**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WIRELESSWERX IP LLC, | |
| Plaintiff, | Case No. 2:24-cv-00074 |
| vs. | JURY TRIAL DEMANDED |
| DHL EXPRESS (USA), INC., | |
| Defendant. | |

## DEFENDANT DHL EXPRESS (USA), INC.'S RULE 12(B)(5) AND 12(B)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND ............................................................................................................ 1

III.    LEGAL STANDARDS .................................................................................................. 2

     A.    Dismissal is appropriate when there is insufficient service of process................... 2

     B.    Dismissal is appropriate when the complaint fails to state a plausible claim for
        relief. ........................................................................................................................ 2

     C.    Direct infringement must occur within the United States....................................... 3

     D.    Patent eligibility is regularly addressed at the Rule 12 stage................................. 3

     E.    Alice two-step test determines whether a claim is directed to ineligible subject
        matter. ...................................................................................................................... 3

          1.    Alice Step One. .......................................................................................... 4

          2.    Alice Step Two. .......................................................................................... 4

IV.     ARGUMENT .................................................................................................................. 5

     A.    The Court Should Dismiss the First Amended Complaint Due to Plaintiff's
        Untimely Service. .................................................................................................... 5

     B.    Plaintiff's First Amended Complaint Fails to Adequately Plead Direct
        Infringement............................................................................................................ 6

     C.    The '927 Patent Is Not Patentable Under Section 101. .......................................... 8

          1.    Claim 1 is representative............................................................................. 8

          2.    The claims are directed to the abstract idea of collecting and storing
             data and generating messages based on that data. ..................................... 9

          3.    The claim lacks an inventive concept. ...................................................... 17

V.      CONCLUSION............................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*,
    728 F.3d 1336 (Fed. Cir. 2013)..................................................................8

*Affinity Labs of Tex., LLC v. Amazon.com, Inc.*,
    838 F.3d 1266 (Fed. Cir. 2016)...............................................................4, 14

*Alice Corp. Pty. v. CLS Bank Int'l*,
    573 U.S. 208, S. Ct. 2347, 189 L. Ed. 2d 296 (2014)...................................3, 4, 5, 17

*Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*,
    841 F.3d 1288 (Fed. Cir. 2016).................................................................4

*Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.* .......................................................6, 7

*Apple, Inc. v. Ameranth, Inc.*,
    842 F.3d 1229 (Fed. Cir. 2016)...............................................................14, 16, 18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................2

*Audatex N. Am., Inc. v. Mitchell Int'l, Inc.*,
    703 F. App'x 986 (Fed. Cir. 2017) .............................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................2

*Berkheimer v. HP Inc.*,
    881 F.3d 1360 (Fed. Cir. 2018).................................................................3

*Bilski v. Kappos*,
    561 U.S. 593 (2010)..............................................................................8

*Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*,
    778 F. App'x 882 (Fed. Cir. 2019) .............................................................11

*BSG Tech LLC v. Buyseasons, Inc.*,
    899 F.3d 1281 (Fed. Cir. 2018).................................................................5

*CardioNet, LLC v. InfoBionic, Inc.*,
    955 F.3d 1358 (Fed. Cir. 2020).................................................................4

*Carimi v. Royal Caribbean Cruise Line, Inc.*,
    959 F.2d 1344 (5th Cir. 1992) .................................................................2

*Cleveland Clinic Found. v. True Health Diagnostics LLC,*
859 F.3d 1352 (Fed. Cir. 2017)..........................................................................9

*Commil USA, LLC v. Cisco Sys., Inc.,*
575 U.S. 632 (2015)..........................................................................................8

*Content Extraction and Transmission LLC v. Wells Fargo Bank, NA,*
776 F.3d 1343 (Fed. Cir. 2014).................................................................3, 8, 9

*Elec. Power Grp., LLC v. Alstom S.A.,*
830 F.3d 1350 (Fed. Cir. 2016)................................................................. *passim*

*Enfish, LLC v. Microsoft Corp.,*
822 F.3d 1327 (Fed. Cir. 2016)........................................................................14

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.,*
955 F.3d 1317 (Fed. Cir. 2020)........................................................................15

*Fort Props., Inc. v. Am. Master Lease LLC,*
671 F.3d 1317 (Fed. Cir. 2012)........................................................................17

*Hardy v. Carthage Indep. Sch. Dist.,*
No. 2:19-CV-00277-JRG-RSP, 2022 WL 21747451 (E.D. Tex. Feb. 3, 2022).....................5

*Intell. Ventures I LLC v. Cap. One Bank (USA),*
792 F.3d 1363 (Fed. Cir. 2015)........................................................................11

*Intell. Ventures I LLC v. Symantec Corp.,*
838 F.3d 1307 (Fed. Cir. 2016)........................................................................17

*Internet Pats. Corp. v. Active Network, Inc.,*
790 F.3d 1343 (Fed. Cir. 2015)........................................................................16

*Interval Licensing LLC v. AOL, Inc.,*
896 F.3d 1335 (Fed. Cir. 2018)........................................................................15

*King/Morocco v. Sterling McCall Lexus,*
776 F. App'x 235 (5th Cir. 2019).......................................................................6

*Kreimerman v. Casa Veerkamp,*
22 F.3d 634 (5th Cir. 1994) ..............................................................................2

*Marcinkowska v. IMG Worldwide, Inc.,*
342 F. App'x 632 (Fed. Cir. 2009)..................................................................3, 6

*Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.,*
566 U.S. 66 (2012)..........................................................................................17

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
    837 F.3d 1299 (Fed Cir. 2016)............................................................................14

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
    420 F.3d 1369 (Fed. Cir. 2005)............................................................................3

*Mortg. Application Techs., LLC v. MeridianLink, Inc.*,
    839 F. App'x 520 (Fed. Cir. 2021)......................................................................10

*Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*,
    811 F.3d 1314 (Fed. Cir. 2016)......................................................................3, 11

*Quantum Stream Inc. v. Charter Commc'ns, Inc.*,
    309 F. Supp. 3d 171 (S.D.N.Y. 2018)..................................................................10

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
    65 F.4th 698 (Fed. Cir. 2023) ..........................................................11, 12, 13, 14

*SAP Am., Inc. v. InvestPic*,
    898 F.3d 1161 (Fed. Cir. 2018)........................................................................3, 5

*SmartGene, Inc. v. Advanced Biological Lab'ys, SA*,
    555 F. App'x 950 (Fed. Cir. 2014) ......................................................................15

*Synopsys, Inc. v. Mentor Graphics Corp.*,
    839 F.3d 1138 (Fed. Cir. 2016)............................................................................3

*Trading Techs. Int'l, Inc. v. IBG, LLC*,
    921 F.3d 1378 (Fed. Cir. 2019)............................................................................4

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
    874 F.3d 1329 (Fed. Cir. 2017)......................................................10, 15, 16, 18

*Ultramercial, Inc. v. Hulu, LLC*,
    772 F.3d 709 (Fed. Cir. 2014)......................................................................10, 18

**Statutes**

35 U.S.C. § 101...................................................................................*passim*

35 U.S.C. § 271(a) .......................................................................................3

**Other Authorities**

Fed. R. Civ. P. 4.......................................................................................5, 6

Fed. R. Civ. P. 4(m)...................................................................................5

Fed. R. Civ. P. 12...................................................................................1, 3

iv

Fed. R. Civ. P. 12(b)(5)..........................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 2, 3

## I.        INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6), DHL Express (USA), Inc. ("DHL") respectfully moves this Court to dismiss WirelessWerx IP LLC's ("Plaintiff") first amended complaint (Dkt. No. 11.) in favor of DHL because there is no evidence of direct infringement in the United States and U.S. Patent No. 8,862,927 ("the '927 patent") is invalid under 35 U.S.C. § 101. Alternatively, the Court should dismiss the first amended complaint for improper service.[1]

## II.       BACKGROUND

Based on its averments, Plaintiff is the owner by assignment of the '927 patent, entitled "Methods and Systems to Monitor Persons Utilizing Wireless Media." Dkt. 11. Plaintiff asserts that single patent against DHL. *Id*.

The '927 patent is directed to the abstract idea of providing information – in this case, a processing function – based on meeting a condition, e.g., matching a GPS location indication with a geographic location.  As further explained below, claim 1, which is the only independent claim, is representative of the '927 patent claims. The text of the claim 1 is reproduced below.

> 1. A method of selectively communicating with a first portable device within pre-defined geographical zones, comprising:
>
> defining a geographical zone utilizing latitude and longitude attributes;
>
> loading data representative of the geographical zone to the first portable device, wherein the data representative of the geographical zone includes the latitude and longitude attributes mapped to corresponding pixels in a pixilated computer image of the geographical zone stored in the first portable device;

---

[1]DHL does not believe it necessary to file this motion to dismiss because the Court has not granted Plaintiff's motion to enlarge time to serve and Plaintiff has not shown good cause in that motion. DHL has opposed that motion to enlarge time and asked that the Court dismiss the case on that ground.  However, DHL files this motion out of an abundance of caution in accordance with Rule 12 statutory time limits.

providing the first portable device with a ground positioning unit receiver, the ground positioning unit receiver permitting the first portable device to obtain geographical coordinates of the position of the first portable device;

configuring the first portable device to determine the location of the first portable device in relation to the pixilated computer image of the geographical zone by determining a relative position of the geographical coordinates and the pixel data representative of the geographical zone;

programming a microprocessor in the first portable device to determine the occurrence of an event related to a status of the portable device in relation to the geographical zone; and

permitting the microprocessor in the first portable device to transmit an event message indicating the occurrence of the event to a second portable device.

'927 patent at cl. 1.

## III.   LEGAL STANDARDS

### A.   Dismissal is appropriate when there is insufficient service of process.

Rule 12(b)(5) authorizes a party to file a motion to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Under Rule 12(b)(5), a district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir. 1994). The burden of demonstrating the validity of service when an objection is made lies with the party making service. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

### B.   Dismissal is appropriate when the complaint fails to state a plausible claim for relief.

Under Rule 12(b)(6), the Court should dismiss a claim when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Patent subject matter eligibility under section 101 is a question of law particularly suitable for resolution at the pleading stage of a patent litigation matter.

*See Content Extraction and Transmission LLC v. Wells Fargo Bank, NA*, 776 F.3d 1343 (Fed. Cir. 2014).

### C.      Direct infringement must occur within the United States.

Direct infringement under § 271(a) "is limited to infringing activities that occur within the United States." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005). The Court should dismiss the complaint if the pleadings are "not tied to any infringing activities in the United States." *Marcinkowska v. IMG Worldwide, Inc.*, 342 F. App'x 632, 636 (Fed. Cir. 2009) (affirming district court's order dismissing direct infringement claims).

### D.      Patent eligibility is regularly addressed at the Rule 12 stage.

"Patent eligibility under [§ 101] is ultimately an issue of law[.]" *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). Though "[t]he § 101 inquiry *may* contain underlying factual issues," resolution of fact issues is not required to determine patent-eligibility. *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1325 (Fed. Cir. 2016) (citations and quotation marks omitted) (emphasis in original). "The § 101 inquiry must focus on the language of the Asserted Claims themselves." *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138 (Fed. Cir. 2016). Therefore, where claim construction is not necessary, courts may determine subject-matter eligibility at the pleading stage of a patent case. *SAP Am., Inc. v. InvestPic*, 898 F.3d 1161, 1166 (Fed. Cir. 2018) (Eligibility under § 101 "may be, and frequently has been, resolved on a Rule 12(b)(6) or (c) motion where the undisputed facts . . . require a holding of ineligibility under the substantive standards of law").

### E.      Alice two-step test determines whether a claim is directed to ineligible subject matter.

The Supreme Court has explained that "[w]e have long held that … [l]aws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S.

208, 216 S. Ct. 2347, 189 L. Ed. 2d 296 (2014). In *Alice*, the Supreme Court set forth a two-step test for determining whether a claim is directed to such ineligible subject matter.

### 1.      Alice Step One.

The first step is to "determine whether the claims at issue are directed to one of those patent-ineligible concepts," e.g., an abstract idea. *Id.* at 217. "*Alice* step one presents a legal question that can be answered based on the intrinsic evidence" and "does not require an evaluation of the prior art or facts outside of the intrinsic record." *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1372-74 (Fed. Cir. 2020).

The step one analysis typically begins "with an examination of eligible and ineligible claims of a similar nature from past cases." *Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1295 (Fed. Cir. 2016). "Under this inquiry, [courts] evaluate the focus of the claimed advance over the prior art to determine if the character of the claim as a whole, considered in light of the specification, is directed to excluded subject matter." *Trading Techs. Int'l, Inc. v. IBG, LLC*, 921 F.3d 1378, 1384 (Fed. Cir. 2019) (quotation omitted).

Where a claim recites "a desired function or outcome, without providing any limiting detail that confines the claim to a particular solution to an identified problem," the "functional nature of the claim confirms that it is directed to an abstract idea." *Affinity Labs of Tex., LLC v. Amazon.com, Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016). The "essentially result-focused, functional character of claim language has been a frequent feature of claims held ineligible under § 101." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1356 (Fed. Cir. 2016).

### 2.      Alice Step Two.

If a claim is directed to ineligible subject matter, the second step is to "determine whether [any] additional elements transform the nature of the claim into a patent-eligible application" by reciting "an inventive concept—i.e., an element or combination of elements that is sufficient to

ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Alice*, 573 U.S. at 217–18 (quotations omitted). Even if "the techniques claimed are groundbreaking, innovative, or even brilliant, … that is not enough for eligibility" if "the advance lies entirely in the realm of abstract ideas." *Invest Pic.*, 898 F.3d at 1163 (quotations omitted). "What is needed is an inventive concept in the non-abstract application realm." *Id*. at 1168.

To the extent claims include non-abstract elements, they are still ineligible if they recite "well understood, routine, conventional activities previously known to the industry." *Alice*, 573 U.S. at 225 (quotation omitted). The "inquiry is not whether the claimed invention as a whole is unconventional or non-routine," but "whether the claim limitations other than the invention's use of the ineligible concept to which it was directed were well-understood, routine and conventional." *BSG Tech LLC v. Buyseasons, Inc*., 899 F.3d 1281, 1290 (Fed. Cir. 2018).

## IV.    ARGUMENT

### A.    The Court Should Dismiss the First Amended Complaint Due to Plaintiff's Untimely Service.

As outlined in DHL's response in opposition to Plaintiff's motion to enlarge time to serve, Plaintiff did not satisfy proper service until 172 days after filing the complaint. Dkt. 9. at 1. Rule 4 of the Federal Rules of Civil Procedure governs the time limit for service, which states:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Rule 4 permits a district court to dismiss an action without prejudice if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff can show good cause for the failure." *Hardy v. Carthage Indep. Sch. Dist.*, No. 2:19-CV-00277-JRG-RSP,

2022 WL 21747451 (E.D. Tex. Feb. 3, 2022) (citing *King/Morocco v. Sterling McCall Lexus*, 776 F. App'x 235, 235 (5th Cir. 2019)).

For the reasons outlined in DHL's response in opposition to Plaintiff's motion to enlarge time, Plaintiff's failed to show good cause. Filing an amended complaint has not cured Plaintiff of its insufficient service. Thus, the Court should deny Plaintiff's motion to enlarge time to serve and dismiss the complaint for failing to comply with Rule 4.

**B.**     **Plaintiff's First Amended Complaint Fails to Adequately Plead Direct Infringement.**

Even accepting well-pled facts as true and viewing all facts in the light most favorable to the Plaintiff, the first amended complaint fails to adequately plead direct infringement inside the United States. Plaintiff has, of course, pled in a conclusory manner that Defendant directly infringes the '927 patent "by making, using, testing, selling, offering for sale and/or importing ***into the United States*** Defendant's Accused Products." Dkt. 11 at 13 (emphasis added). Plaintiff attached a claim chart to its first amended complaint to "describe[] how the elements of an exemplary claim 1 from the '927 Patent are infringed by the Accused Products." *Id*. But Plaintiff's claim chart is "not tied to any infringing activities in the United States." *Marcinkowska*, 342 F. App'x at 636.  In fact, the face of the claim chart shows it covers activities in Europe.

In *Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*, this Court denied the defendants motion to dismiss direct infringement.  No. 2:21-CV-00438-JRG, 2024 WL 38279, at \*2–3 (E.D. Tex. Jan. 3, 2024). This Court noted "that to survive this Motion to Dismiss Plaintiff need only place the Defendants on notice of what activity is being accused of infringement, not prove its case." *Id*. at \*3. This Court denied the defendant's motion because "the referenced content on www.tcl.com supports Plaintiff's allegation that Defendants directly infringe the Asserted Patents." *Id*.

Here, the facts are the opposite of that in *Apex Beam*. Plaintiff's claim chart cites a slide deck for each element of claim 1. Dkt. 11, Ex. B. The cited URL in Plaintiff's claim chart is "https://www.dhl.com/content/   dam/dhl/global/csi/documents/pdf/glo-csiinnovation-in-practice-***europe***-presentation-deck.pdf." *Id*. (emphasis added). In stark contrast to the URL in *Apex Beam*, the slide deck's URL demonstrates that the alleged activity occurs in ***Europe***, not the United States. Accepting these well-pled facts as true and viewing all facts in the light most favorable to the Plaintiff, a claim of direct infringement is not plausible on its face. There are simply no facts pled to show infringing activity in the United States in Plaintiff's first amended complaint. Plaintiff has failed                                                                                                                to "place the Defendants on notice of what activity is being accused of infringement" in the United States. *Apex Beam*, 2024 WL 38279, at *3.

Plaintiff attempts to save its complaint by claiming a document that states "'international express delivery are using smart glasses at its freight hubs … at Los Angeles Airport, USA.,' [] unequivocally proving that DHL … uses … any patented invention, within the United States." Dkt. 11-2 at 4. That is not true. First, all this demonstrates is that DHL may use smart glasses in the United States. But Plaintiff has not cited any facts that using smart glasses ***alone*** infringe the '927 patent. And the relied on document only references smart glasses on one slide:

> ➢ Picker wears **Smart Glasses** for picking, location identification, item scanning, Counting Back, and Alternative handling
> - Picking-to-Pallet will be **highlighted on Smart Glasses screen**, together with picking item, picking quantities, and picking from location
> - Totes/ Cartons will be highlighted on Smart Glasses screen, and **match picking cart configuration**, to increase accuracy rate and productivity
> ➢ Preferred language by user profile

Dkt. 11-2 at 8. Additionally, the claim chart still exclusively cites a European website in its claim chart. Dkt. 11-2.

Taking the pleadings as true, all Plaintiff has only possibly shown that DHL may use smart glasses with location identification in the United States.  But "a plaintiff cannot assert a plausible claim for infringement … by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). And Plaintiff has not provided any factual allegations for the vast majority of claim elements that DHL performs these acts in the United States. Thus, the Court should dismiss Plaintiff's claims of direct infringement for failing to plead facts supporting DHL's infringement in the United States.

### C.    The '927 Patent Is Not Patentable Under Section 101.

This Court should declare the '927 patent ineligible under 35 U.S.C. § 101 because—by its plain, undisputed language—it is directed to an abstract idea and does not otherwise identify an inventive concept. Ineligibility equates to invalidity, *see Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1344 (Fed. Cir. 2013), which serves as a total defense to infringement because "there is no patent to be infringed." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015). The validity of patent claims under section 101 is thus a "threshold" matter for courts to determine. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010). Upon finding that the '927 Patent is invalid, the Court should dismiss Plaintiff's first amended complaint with prejudice.

### 1.    Claim 1 is representative.

When considering whether a patent's claims are directed to an abstract idea, district courts need not analyze each claim individually. *See Content Extraction*, 776 F.3d at 1348. Rather, district courts may consider representative claims when they "are 'substantially similar and linked to the

8

same abstract idea.'" *See id*. For this purpose, additional limitations based on "well-known, routine, and conventional functions" do not differentiate a claim from the representative claim, because simply making a claim narrower in scope is not a difference that "transforms the corresponding claim into a patent-eligible application of the otherwise ineligible abstract idea." *See id*. at 1349.

As Plaintiff's first amended complaint states, claim 1 is representative of the Asserted Claims.  Dkt. 11 at 5. A court may analyze representative claims for patent eligibility where all the asserted and challenged claims are substantially similar and linked to the same purported abstract idea. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017).  Here, claim 1 is the '927 patent's only independent claim. The dependent claims merely add conventional steps and additional outputs, and do not alter the "focus" of the Asserted Claims. Accordingly, claim 1 is representative of all Asserted Claims. For example, claim 2 is equally directed to tracking an event and executing an operation once the event occurs.

### 2. The claims are directed to the abstract idea of collecting and storing data and generating messages based on that data.

The '927 patent is directed to the abstract idea of providing information – in this case, a processing function – based on meeting a condition, e.g., matching a GPS location indication with a geographic location.  The abstractness of the '927 patent is demonstrated by (1) similar cases finding that claims directed to targeted advertising are not patent-eligible; (2) the '927 patent's mere recitation of result-based functional language; and (3) the failure of the claims to provide any improvement to computer functionality or any solution to a problem in the software arts.

(a) *The Federal Circuit has held similar claims invalid under 101.*

9

The claims are invalid because they are directed to nothing more than providing information based on meeting a condition—a concept that the Federal Circuit has held to be unpatentable abstract ideas.

The Federal Circuit has repeatedly "held that a process that can be and has been performed by humans . . . is an abstract idea"—even if the claim involves an automated or computerized process. *Mortg. Application Techs., LLC v. MeridianLink, Inc.*, 839 F. App'x 520, 526 (Fed. Cir. 2021). Indeed, "[t]he mere automation of" a function "does not render the claims any less abstract." *Id*. at 526; *see also Audatex N. Am., Inc. v. Mitchell Int'l, Inc.*, 703 F. App'x 986, 989 (Fed. Cir. 2017) (finding claims abstract that "merely use[] a computer and generic components as tools to collect . . . data and generate reports"). Even where "certain additional limitations . . . add a degree of particularity," courts consider "the concept embodied by the majority of the limitations" to determine whether the asserted claim describes an abstract idea. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014).

The '927 patent is directed to an abstract idea because "the claims [] here disclose steps that could be performed by a human operator or in the human mind*." Quantum Stream Inc. v. Charter Commc'ns, Inc.*, 309 F. Supp. 3d 171, 187 (S.D.N.Y. 2018). The exemplary claim essentially proposes that, instead of "[a] human mind evaluat[ing] attributes or other criteria (e.g., the user's age), deriv[ing] from these tailored secondary advertising content, and implement[ing] these selections by using a simple device that inserts digital advertising content into the stream of primary content[,] [the] tasks that are implemented by generic computer system." *See id.* at 187– 88; *see also Two-Way Media*, 874 F.3d at 1337 ("Claims directed to generalized steps to be performed on a computer using conventional computer activity are not patent eligible."). Viewed "as a whole," *see Elec. Power Grp.*, 830 F.3d at 1353, the claimed steps of the '927 patent are

analogous to a hiker determining their location on a map, observing a fixed range around their location, and notifying a second person when something happens near the hiker. *See Mortg. Grader*, 811 F.3d at 1324 (asserted claims directed toward an abstract idea where "[t]he series of steps . . . could all be performed by humans without a computer"); *see also Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*, 778 F. App'x 882, 887 (Fed. Cir. 2019) ("The concept [of targeted advertising] is a 'fundamental practice' that dates back to newspaper advertisements.") (quoting *Intell. Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363, 1369 (Fed. Cir. 2015)).

Here, the '927 patent's "claims are directed to the abstract idea of providing information – in this case, a processing function – based on meeting a condition, e.g., matching a GPS location indication with a geographic location." *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 703 (Fed. Cir. 2023). The exemplary claim essentially proposes that common computer components to "determine the occurrence of an event related to a status of the portable device in relation to the geographical zone" and  "transmit an event message indicating the occurrence of the event." '927 patent at cl. 1.  The Federal Circuit has repeatedly held that the "distribution of information is an abstract idea." *Sanderling*, 65 F.4th at 703; s*ee also Intell. Ventures I LLC v. Cap. One Bank*, 792 F.3d 1363, 1369 (Fed. Cir. 2015) ("Providing this minimal tailoring – e.g., providing different newspaper inserts based on the location of the individual – is an abstract idea.").

The '927 patent is directed to the exact same abstract idea that the Federal Circuit ruled was unpatentable in *Sanderling*. In *Sanderling*, the Federal Circuit found patents that were "directed to a method using distribution rules to load digital image branding functions to users when certain conditions are met" unpatentable. *Sanderling*, 65 F.4th at 701, 704. The Federal Circuit noted that "[t]he claims of the asserted patents are not directed to a specific improvement in computer functionality but, instead, to the use of computers as a tool; here, a tool to identify

11

when a condition is met and then to distribute information based on satisfaction of that condition."
*Id*. at 703. The Federal Circuit held that the claims were "directed to the abstract idea "of providing
information – in this case, a processing function – based on meeting a condition, e.g., matching a
GPS location indication with a geographic location." *Id*. The Federal Circuit noted that "[e]ven
though the information being distributed is of a particular variety – here, digital imaging processing
based on a distribution rule that determines when a condition is met – distribution of information
is an abstract idea." *Id*.

The similarities between the representative claim and claim 1 of U.S. Patent No. 9,355,412
("'412 patent") from *Sanderling*  is further evident from the following chart:

| '927 Patent claim '1 | '412 patent claim 1 |
|---|---|
| [1.pre] A method of selectively communicating with a first portable device within pre-defined geographical zones, comprising: | [1.pre] A computerized method of distributing a digital image processing function, said computerized method comprising: |
| [1.a] defining a geographical zone utilizing latitude and longitude attributes; | [1.a] using at least one server having at least one hardware processor and over a network to access a database storing at least one digital image processing function associated with at least one distribution rule defining a geographic location; |
| [1.b] loading data representative of the geographical zone to the first portable device, wherein the data representative of the geographical zone includes the latitude and longitude attributes mapped to corresponding pixels in a pixilated computer image of the geographical zone stored in the first portable device; | [1.b] receiving, over said network, a Global Positioning System (GPS) location indication from each of a plurality of mobile devices, each said location indication is determined according to a GPS module executed by one of said plurality of mobile devices; |
| [1.c] providing the first portable device with a ground positioning unit receiver, the ground positioning unit receiver permitting the first portable device to obtain geographical coordinates of the position of the first portable device; | [1.c] matching, using said at least one hardware processor, each said GPS location indication with said geographic location; and |
| [1.d] programming a microprocessor in the first portable device to determine the occurrence of | [1.d] automatically forwarding, over said network and in response to receiving said Global Position System (GPS) location |

| | |
|---|---|
| an event related to a status of the portable device in relation to the geographical zone; and<br><br>[1.e] permitting the microprocessor in the first portable device to transmit an event message indicating the occurrence of the event to a second portable device. | indication, said at least one digital image processing function to at least one mobile device of said plurality of mobile devices, said at least one mobile device having a respective said GPS location indication which matches said geographic location;<br><br>[1.e] wherein said at least one image processing function is set to be used by an application executed on said at least one mobile device to process a digital image designated at said at least one mobile device to create an output digital image. |

As Plaintiff's first amended complaint concedes, "[t]he Claims of the '927 patent are directed to improvements in PDA event (exception) based information and reporting for wireless device tracking." Dkt. 11 at 7.  Just like the '412 patent, the '927 patent does nothing more than the abstract idea of distributing information (reporting for wireless device tracking) once a condition is met (PDA event). The '927 patent simply "transmits an event message indicating the occurrence of the event." '927 patent at cl. 1. That "event [is] related to a status of the portable device in relation to the geographical zone." *Id*. This event is almost identical to the condition in *Sanderling*, "matching a GPS location indication with a geographic location." 65 F.4th at 703.

Further, Plaintiff's contention that the claims are eligible because  the "specification further describes the prior art as containing PDA that continuously track" so "the focus is limited to event (exception) based information and reporting and does not relate in any manner to a traditional, continuous tracking" does not transform an abstract idea into patent eligible subject matter. Dkt. 11 at 10. Nor does Plaintiff's claim that the '927 patent is "patent eligible for at least including the additional part beyond the Focus that a pixilated image is created upon the occurrence of an event and transmitted to another device." *Id*. at 13. In  *Sanderling*, the patent was held abstract "[e]ven

though the information being distributed is of a particular variety – [], digital imaging processing based on a distribution rule that determines when a condition is met." *Sanderling*, 65 F.4th at 703. Thus, the fact that the '927 patent distributes information "of a particular variety" does not make the subject matter patent eligible. *Id*. Instead, the '927 patent simply distributes the vague and abstract idea of an "event."

Moreover, the '927 patent claims are directed to an abstract idea because the Federal Circuit has held as ineligible patents in which "the focus of the claims is not on such an improvement in computers as tools, but on certain independently abstract ideas that use computers as tools." *Elec. Power Grp.*, 830 F.3d at 1353–54. For technology-based claims, courts consider "whether the claims 'focus on a specific means or method that improves the relevant technology' or are 'directed to a result or effect that itself is the abstract idea and merely invoke generic processes and machinery.'" *Apple*, 842 at 1241 (quoting *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed Cir. 2016)).

Nowhere in the claims of the '927 patent is there any disclosure or recitation of "an improvement to computer functionality." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). For example, claim 1 recites generic computer and computer peripheral components—a "device," "receiver," and "microprocessor." '927 patent at cl. 1. In addition, the '927 patent also clearly envisions the use of non-specialized, personal computers, which are not improved, upgraded, or altered by the purported invention. *See id.* at 31:11–15 ("the PDA is any wireless or handheld device that can be equipped with enough computing power, memory and communications mechanisms as to be able to perform the operations described herein."); *id*. at 31:15–18 ("the PDA can be a cellular phone, a pager, a Blackberry device, personal data assistant, a laptop, a notebook, a digital music player, and any other portable device."); *id*. at 9:51-55 ("The

14

data acquisition module 242 may include a global positioning system (GPS) receiver 215, a data system microprocessor 212, a memory module 280, and a communications link 244.").

The hardware devices and the software as described merely automate the manual process of data collection and distribution. The recited pieces of hardware are invoked merely as tools in these abstract processes. *See SmartGene, Inc. v. Advanced Biological Lab'ys, SA*, 555 F. App'x 950, 955 (Fed. Cir. 2014) (claim ineligible where it "does not purport to identify new computer hardware" and only "assumes the availability of physical components"); *see also Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1328 (Fed. Cir. 2020) ("Merely claiming 'those functions in general terms, without limiting them to technical means for performing the functions that are arguably an advance,' does not make a claim eligible at step one.") (citing *Elec. Power Grp.*, 830 F.3d at 1351). Thus, the '927 patent is directed to an abstract idea.

>    (b)    *The claims recite only result-based functional language.*

Next, the Federal Circuit has consistently held that claims that recite "result-based functional language" without sufficiently describing "how to achieve these results" are drawn to an abstract idea. *See, e.g.*, *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017) (finding claim was directed to an abstract idea where "[t]he claim requires the functional results of 'converting,' 'routing,' 'controlling,' 'monitoring,' and 'accumulating records,' but does not sufficiently describe how to achieve these results in a non-abstract way."); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1344 (Fed. Cir. 2018) (stating that "software-based claimed inventions . . . have failed to pass section 101 muster, because they did not recite any assertedly inventive technology for improving computers as tools and/or because the elements of the asserted invention were so result-based that they amounted to patenting the patent-ineligible concept itself"); *Elec. Power Grp.*, 830 F.3d at 1353 (holding patent claims ineligible because they lacked "any requirements for *how* the desired result is achieved" and stating that "the essentially

result-focused, functional character of claim language has been a frequent feature of claims held ineligible under § 101") (emphasis in original); *Affinity Labs of Tex., LLC*, 838 F.3d at 1269 ("At that level of generality, the claims do no more than describe a desired function or outcome, without providing any limiting detail that confines the claim to a particular solution to an identified problem. The purely functional nature of the claim confirms that it is directed to an abstract idea, not to a concrete embodiment of that idea."); *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1244 (Fed. Cir. 2016) ("[A] claim that merely describes an 'effect or result dissociated from any method by which [it] is accomplished' is not directed to patent-eligible subject matter.") (quoting *Internet Pats. Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1348 (Fed. Cir. 2015)).

Here, the claim 1 recites the result-based functional language of, among other things, "*defining* a geographical zone," "*loading* data representative of the geographical zone," "*providing* the first portable device with a ground positioning unit receiver," "*configuring* the first portable device to determine the location of the first portable device," "*programming* a microprocessor in the first portable device to determine the occurrence of an event," and "*permitting* the microprocessor in the first portable device to transmit an event message[.]" '927 patent at cl. 1 (emphases added). The claim does not help explain how these results are to be achieved, except to say that they are carried out via various generic computer systems such as "device," "receiver," and "microprocessor." *Id.*

The '927 patent's hand-waving fails to explain how the invention communicates between computers, stores data, or determines when events occur, and thus fails to inform the claim's unambiguous, result-based functional language. It is directed to an abstract idea for this reason. *See, e.g.*, *Two-Way Media*, 874 F.3d at 1337.

16

For all these reasons, the '927 patent is directed to patent-ineligible subject matter under *Alice* step one.

### 3.     The claim lacks an inventive concept.

The '927 Patent's claim also fails step two of the *Alice* test because it lacks an inventive concept sufficient to transform the claimed abstract ideas into patent-eligible subject matter.

To pass *Alice*'s second step in the context of claims involving computers, a claim must include "additional features" ensuring that the claim does "more than simply stat[e] the abstract idea while adding the words 'apply it with a computer.'" *Alice*, 573 U.S. at 223. A claim is not meaningfully limited if it includes only insignificant pre- or post-solution activity, such as storing or retrieving data, or identifying a relevant audience, category of use, field of use, or technological environment. *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 84 (2012). And "[s]imply appending conventional steps, specified at a high level of generality," which are "well known in the art" and consist of "well-understood, routine, conventional activit[ies]" previously engaged in by workers in the field, cannot supply the inventive concept. *Intell. Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1313 (Fed. Cir. 2016); *see also Fort Props., Inc. v. Am. Master Lease LLC*, 671 F.3d 1317, 1323 (Fed. Cir. 2012) ("Such a broad and general limitation does not impose meaningful limits on the claim's scope.").

As stated above in Section IV.C.2, the claims of the '927 patent merely recite result-based functional language without explaining how to achieve the desired results beyond the use of conventional and well-known computers. The '927 patent's specification contemplates the use of generic, non-specialized, computers for its portable device, stating that the "PDA is any wireless or handheld device that can be equipped with enough computing power, memory and communications mechanisms as to be able to perform the operations described herein." '927 patent at 31:11–15. The '927 lists a number of ordinary devices, stating "the PDA can be a cellular phone,

a pager, a Blackberry device, personal data assistant, a laptop, a notebook, a digital music player, and any other portable device." *Id*. at 31:15–18. Further, the specification of the '927 patent also admits that the remaining hardware utilized in the claims comprises can be practiced using any of a number of ordinary devices, stating that "[t]he data acquisition module 242 may include a global positioning system (GPS) receiver 215, a data system microprocessor 212, a memory module 280, and a communications link 244." *Id*. at 9:51-55.

Because the asserted patent merely discloses using well-known and conventional technology or software modules to implement an abstract idea, it has no inventive concept that would transform the recited abstract idea into patent-eligible subject matter. *See Apple*, 842 F.3d at 1242–43 ("The patents can readily be understood as adding conventional computer components to well-known business practices. The Supreme Court and this court have repeatedly determined that such claims are invalid under § 101.") (internal citations omitted); *Ultramercial, Inc.*, 772 F.3d at 715 ("We conclude that the limitations of the . . . claims do not transform the abstract idea that they recite into patent-eligible subject matter because the claims simply instruct the practitioner to implement the abstract idea with routine, conventional activity."); *Two-Way Media*, 874 F.3d at 1339 ("[M]erely reciting an abstract idea performed on a set of generic computer components . . . would 'not contain an inventive concept.'") (internal citations omitted). Thus, because the elements of the claim either individually or as an ordered combination do not provide any inventive concept to transform the abstract ideas claimed by the '927 patent, the claims of the '927 patent should be found patent-ineligible.

## V.    CONCLUSION

For these reasons, DHL asks this Court to grant its motion to dismiss the first amended complaint for failure to state a claim because the claims of the '927 patent are invalid, and Plaintiff

did not plead facts to establish infringement in the United States. Alternatively, the Court should dismiss the first amended complaint for improper service.

Dated: September 10, 2024                Respectfully submitted,

                                         By: */s/ Rex A. Mann*
                                         **Rex. A Mann**
                                         Texas Bar No. 24075509
                                         rmann@winston.com
                                         **WINSTON & STRAWN LLP**
                                         2121 N. Pearl Street, Suite 900
                                         Dallas, TX 75201
                                         (214) 453-6500 (telephone)
                                         (214) 453-6400 (telecopy)

                                         *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on September 10, 2024, I caused a true and correct copy of the foregoing to be sent to all parties via their counsel of record via e-file.

                                         */s/ Rex A. Mann*
                                         Rex A. Mann

## CERTIFICATE OF SERVICE COMPLIANCE WITH THE COURT'S 35 U.S.C. § 101 MOTION PRACTICE ORDER

_____ The parties agree that prior claim construction is not needed to inform the Court's analysis as to patentability.

__X__ The parties disagree on whether prior claim construction is not needed to inform the Court's analysis as to patentability.

                                         */s/ Rex A. Mann*
                                         Rex A. Mann

20